# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) 95-cr-40083-JPG |
| JERMANE C. JOHNSON, | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendant Jermane C. Johnson's Motion for Revised Pre-Sentence Report and Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c) (Doc. 328). The Government has responded (Doc. 338). The Court held a hearing on this matter on September 4, 2008. For the following reasons, the Court DENIES the Motion.

## BACKGROUND

On May 16, 1996, Johnson pled guilty to one count of conspiracy to possess with the intent to distribute cocaine base. The plea was pursuant to a cooperating plea agreement in which the parties agreed that the relevant conduct involved 1.5 kilograms or more of crack cocaine. The written Pre-Sentence Report (PSR) prepared by the Probation Office to assist this Court in sentencing, calculated Johnson's relevant conduct at 4,536 grams of cocaine base. Johnson did not object to the PSR's calculations at the time. The Court determined that Johnson had a base offense level of 38, reduced by three levels for acceptance of responsibility, resulting in a total offense level of 35. The Court determined that Johnson had a criminal history category of II. Johnson did not dispute the calculation of his offense level or his criminal history category. On August 29, 1996, the Court sentenced Johnson to a term of 192 months in prison. Johnson did not appeal his sentence. Johnson now asks the Court to reduce his sentence

pursuant to 18 U.S.C. § 3582(c) and § 2D1.1 of the U.S. Sentencing Guidelines as revised effective March 3, 2008.

## ANALYSIS

Section 3582(c)(2) allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)." Amendments 706 and 711 amended U.S.S.G. § 2D1.1(c) as of November 1, 2007, to lower by two points the base offense levels associated with various amounts of crack cocaine. However, the amendments do not apply when the relevant conduct involved more than 4.5 kilograms of crack cocaine. U.S.S.G.§ 2D1.1(c). Because the Court found Johnson's relevant conduct to be greater than 4.5 kilograms, he is not entitled to a reduced sentence under the amended Guidelines. *See, e.g., United States v. Wanton,* 2008 WL 1959259 (8th Cir. 2008); *United States v. Woodson*, 2008 WL 2369636 (8th Cir. 2008)(unpublished); *United States v. Williams*, 2008 WL 3861175 (10th Cir. 2008)(unpublished).

Johnson, however, contends that the PSR erroneously calculated his relevant conduct. If it had been correctly calculated, Johnson maintains, the Court would have found him to be responsible for only 1,038.65 grams of crack cocaine. Johnson asks the Court to reexamine the factual basis found by the Court in imposing his original sentence. It is Johnson's hope that the Court will find that a lesser amount of crack cocaine was involved in his relevant conduct, such that he might be eligible for a sentence reduction under the amended Guidelines.

However, such a collateral attack on Johnson's prior sentencing calculation extends beyond the jurisdictional grant of 18 U.S.C. § 3582(c). *See, United States v. Lawrence*, 535 F.3d 631, 637 (7th Cir. 2008); *United States v. Williams*, 2008 WL 3861175; *United States v. Smith*,

2008 WL 2600789 (E.D. Wis. 2008). The Court has no jurisdiction to reopen and reconsider the factual basis underlying Johnson's original sentence. That the factual finding the defendant seeks to change now may have been the product of a mathematical error as opposed to a different kind of fact-finding error does not change the Court's conclusion. Therefore, the Court will not consider Johnson's contention that the PSR incorrectly calculated his relevant conduct. Accordingly, the original finding of the Court that Johnson's relevant conduct exceeded 4.5 kilograms remains undisturbed. As such, Johnson is ineligible for a reduced sentence pursuant to 18 U.S.C. § 3582(c) and § 2D1.1 of the U.S. Sentencing Guidelines as revised effective March 3, 2008.

## CONCLUSION

For the foregoing reasons, the Court DENIES Defendant's Motion for Revised Pre-Sentence Report and Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c) (Doc. 328).

**IT IS SO ORDERED.**
**DATED: September 11, 2008**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**